IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE'ANDRE LAMAR THOMAS, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00645 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WILLIAM C. MEYER, II, ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

De'Andre Lamar Thomas, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against his court-appointed attorney. Thomas has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

## Background

Thomas alleges that he has been incarcerated for thirteen years after being convicted of offenses in the Circuit Court of Pittsylvania County. Compl., ECF No. 1, at 2. He claims that his court-appointed attorney deprived him of due process by failing to perfect a direct appeal to the Supreme Court of Virginia. Id. He attaches a letter from the attorney apologizing for the error. Compl. Ex. A., ECF No. 1-1. Thomas states that he "would like to be liberated and compensated . . . $1 million (dollars)." Compl. at 3.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir.

2006). The court must dismiss a case at any time if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Thomas commenced this action by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983. In particular, Thomas does not allege facts from which the court could conclude that his court-appointed attorney acted "under color of state law." Id. It is well settled that an attorney does not act under color of state law when representing a defendant in a criminal case. See Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir.

1976) (holding that a "private attorney who is retained to represent a criminal defendant is <u>not</u> acting under color of state law, and therefore is not amenable to suit under § 1983"). Accordingly, Thomas's allegations against his court-appointed attorney fail to state a claim under § 1983.

## **Conclusion**

For the foregoing reasons, the court concludes that Thomas's complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: November 13, 2023

Michael F. Urbanski
Chief United States District Judge